CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
FEB 24 2014
JULIA C. DUDLEY, CLERK
BY: /s/ DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| JOSEPH E. SPENCE, JR., ) | |
| ) | Civil Action No. 3:13CV00019 |
| Plaintiff, ) | |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| CAROLYN W. COLVIN, Acting ) | |
| Commissioner of Social Security, ) | By: Hon. Glen E. Conrad |
| ) | Chief United States District Judge |
| Defendant. ) | |

Plaintiff has filed this action challenging certain provisions of the final decision of the Commissioner of Social Security establishing plaintiff's entitlement to a period of disability for purposes of plaintiff's claims for disability insurance benefits and supplemental security income benefits under the Social Security Act, as amended, 42 U.S.C. §§ 416(i) and 423, and 42 U.S.C. § 1381 et seq., respectively. Jurisdiction of this court is pursuant to 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c)(3). As discussed infra, based on the disability onset date established by the Commissioner, plaintiff's claim for disability insurance benefits was denied. However, plaintiff was found disabled for purposes of his application for supplemental security income benefits.

This court's review is limited to a determination as to whether there is substantial evidence to support the Secretary's conclusion that plaintiff was not disabled prior to January 1, 2007. If such substantial evidence exists, the final decision of the Commissioner must be affirmed. Laws v. Celebrezze, 368 F.2d 640 (4th Cir. 1966). Stated briefly, substantial evidence has been characterized as such relevant evidence, considering the record as a whole, as might be found adequate to support a conclusion by a reasonable mind. Richardson v. Perales, 402 U.S. 389, 401 (1971).

The plaintiff, Joseph E. Spence, Jr., was born on November 13, 1955 and eventually reached the ninth grade in school. Mr. Spence has worked as a carpenter, primarily in the residential building industry. He last worked on a regular and sustained basis in 2002. On August 14, 2002, plaintiff filed applications for disability insurance benefits and supplemental security income benefits. In filing his applications, plaintiff alleged that he became disabled for all forms of substantial gainful employment on May 1, 2002, due to a diffuse degenerative disc disease in spine; disc bulges; sciatica; and damage to his arteries. (TR 184). He now maintains that he has remained disabled to the present time. As to his application for disability insurance benefits, the record reveals that Mr. Spence met the insured status requirements of the Act through the second quarter of 2005, but not thereafter. See generally, 42 U.S.C. §§ 416(i) and 423(a). Consequently, plaintiff is entitled to disability insurance benefits only if he has established that he became disabled for all forms of substantial gainful employment on or before June 30, 2005. See generally, 42 U.S.C. § 423(a).

The adjudication of Mr. Spence's claims has a long and tortuous history. His initial applications were denied upon initial consideration and reconsideration. Plaintiff then requested and received a de novo hearing and review before an Administrative Law Judge. In an opinion dated February 14, 2004, the Law Judge denied Mr. Spence's applications for benefits. However, following plaintiff's request for review by the Social Security Administration's Appeals Council, the Appeals Council vacated the prior hearing decision and remanded for further consideration of plaintiff's subjective complaints and residual functional capacity. Following conduct of second administrative hearing, the Administrative Law Judge again denied plaintiff's claims. On this occasion, the Appeals Council adopted the Law Judge's opinion as the final decision of the Commissioner. Mr. Spence then appealed to this court.

By order and opinion entered August 23, 2006, United States District Judge Norman K. Moon remanded the case to the Commissioner for further development and consideration. Stated succinctly, Judge Moon found that the Administrative Law Judge failed to take into account plaintiff's nonexertional limitations. He directed the Commissioner to assess plaintiff's capacity to perform alternate work roles, given plaintiff's particular combination of physical and nonexertional limitations. The record also reveals that, on November 29, 2005, during the interim between the issuance of the Law Judge's opinion and the entry of Judge Moon's opinion, Mr. Spence filed new applications for disability insurance benefits and supplemental security income benefits. In filing his new claims, plaintiff alleged disability onset as of May 18, 2005, the day following the date of the prior administrative decision. The new applications were denied upon initial consideration and reconsideration. Mr. Spence then requested a hearing before an Administrative Law Judge. However, after receiving notice of the order of remand entered by Judge Moon, plaintiff requested a continuation of the administrative hearing on his new claim.

The Appeals Council assigned the case to a new Administrative Law Judge for a hearing on the issues identified by Judge Moon. The second Law Judge denied plaintiff's applications in an opinion dated February 26, 2008. Mr. Spence again sought review by the Social Security Administration's Appeals Council. In an order dated August 14, 2010, the Appeals Council remanded the case to the same (second) Administrative Law Judge for further proceedings. The Appeals Council provided explicit directions to the Law Judge, including the requirement that the Law Judge obtain input from a medical expert "to clarify the nature and severity of the claimant's impairments." (TR 365).

3

The Administrative Law Judge convened a supplemental administrative hearing on December 9, 2010. Dr. Kenneth L. Cloninger, a board certified neurological surgeon, appeared and testified at the hearing as a medical expert. Based on his review of the evidence, Dr. Cloninger seemingly testified that Mr. Spence became disabled as a result of an automobile accident on November 14, 2001, and that plaintiff remained disabled until regaining the capacity for sedentary work activity in about 2005. (TR 1069-72). When pressed further, Dr. Cloninger opined that plaintiff continued to experience subjective discomfort, and that it was impossible to say whether his pain was disabling during the later period of time. (TR 1073). Given Dr. Cloninger's testimony, the Administrative Law Judge proposed establishment of a closed period of disability. (TR 1075). However, plaintiff's attorney requested the opportunity to gather some additional evidence which would establish that plaintiff's subjective discomfort has remained disabling to the present time. (TR 1075-77). The Administrative Law Judge agreed to continue the hearing for submission of new medical evidence.[1]

The Administrative Law Judge attempted to convene a supplemental hearing on April 20, 2011. However, on that occasion, Mr. Spence was hospitalized and could not attend. It was determined to submit all of the medical evidence then available to Dr. Cloninger and have Dr. Cloninger offer an opinion as to when Mr. Spence became disabled. (TR 1082-83). After receiving additional information, Dr. Cloninger submitted a handwritten report on May 7, 2011. On this occasion, Dr. Cloninger directed his attention to the question of when Mr. Spence's back condition

---

[1] The Law Judge characterized the situation as a "bird in the hand and two in the bush type of issue." (TR 1077).

first met or equaled a listing under Appendix 1 to Subpart P of the Administrative Regulations.[2] Dr. Cloninger opined that Mr. Spence met a listing at some point prior to back surgery on March 6, 2011. (TR 976). However, on this occasion, Dr. Cloninger indicated that Mr. Spence's disability onset date could not be established as of May 1, 2002, as alleged in the application for benefits. (TR 976). Dr. Cloninger concluded by observing that, based on his review of all the evidence of record, Mr. Spence met a listing by January of 2007. (TR 977).

The second Administrative Law Judge produced another opinion on July 19, 2011. Faced with the unenviable task of considering the seemingly inconsistent opinions of Dr. Cloninger, the Law Judge ultimately accepted Dr. Cloninger's opinions in part, and rejected them in part. Contrary to Dr. Cloninger's original opinion, the Administrative Law Judge concluded that Mr. Spence retained sufficient functional capacity for medium work roles, though with some functional restrictions, at all relevant times prior to January 1, 2007. (TR 384). However, the Law Judge credited Dr. Cloninger's later opinion that the severity of Mr. Spence's impairments met the criteria of one of the musculoskeletal listings of Appendix 1, beginning on January 1, 2007. (TR 388). In practical effect, the Law Judge's opinion established plaintiff's disability, as of January 1, 2007, for purposes of plaintiff's application for supplemental security income benefits. However, inasmuch as the disability onset date was well after the date of termination of plaintiff's insured status on June 30, 2005, the Law Judge ruled that Mr. Spence is not entitled to disability insurance benefits. On August 22, 2011, the Law Judge amended his opinion in several respects, including a modification so as to reflect disability for anything more than light work activity prior to January 1, 2007. (TR

---

[2] Under the sequential disability evaluation established under the administrative regulations for adjudication of disability claims, a claimant is deemed to be disabled if the claimant's physical impairments meet or equal a listing under Appendix 1 to the Regulations, without consideration of factors such as age, education, and prior work experience. See 20 C.F.R. §§ 404.1520(d) and 416.920(d).

393-94). The practical effect of the Law Judge's amended decision remains the same. Aggrieved at the denial of his claim for disability insurance benefits, Mr. Spence sought review by the Social Security Administration's Appeals Council.

The Appeals Council adopted the Law Judge's finding of a period of disability beginning on January 1, 2007. (TR 398). The Appeals Council remanded the case to a third Administrative Law Judge for further consideration as to plaintiff's capacity for work prior to January 1, 2007. (TR 398-400). Stated succinctly, the Appeals Council expressed concern with the Law Judge's rejection of Dr. Cloninger's opinion as to plaintiff's capacity for work during this earlier period. (TR 399). In this context, the Appeals Council made reference to the Law Judge's proposal for a closed period of disability during the period in which Mr. Spence was recuperating from the automobile accident. (TR 399). More generally, the Appeals Council noted that the Law Judge's opinion did not include sufficient references in support of the assessed limitations. (TR 399). The Appeals Council directed the third Law Judge to give further consideration to plaintiff's residual functional capacity during the earlier period; obtain evidence from a medical expert to clarify the nature and severity of plaintiff's impairments; and obtain supplemental testimony from a vocational expert. (TR 399-400).

The third Administrative Law Judge conducted a supplemental administrative hearing on July 25, 2012. Dr. Edwin Bryan, a board certified family practitioner, testified as a medical expert at the hearing. Dr. Bryan reviewed the medical evidence developed during the period prior to January 1, 2007. (TR 1096-97). Dr. Bryan agreed that plaintiff's impairments had progressed to such an extent as to meet a musculoskeletal listing as of January 1, 2007. (TR 1098). Dr. Bryan went on to testify that during the period after he attained the age of 50, Mr. Spence would not have been capable of performing regular and sustained work activity because of pain and the side effects of narcotic

6

medication. (TR 1098-99). As to the earlier period before plaintiff attained the age of 50, Dr. Bryan opined that Mr. Spence could have engaged in sedentary or light work activity. (TR 1099). In this respect, Dr. Bryan noted that he considered references in the medical record to work actually performed by the plaintiff, though less than substantial gainful activity, during the earlier period. (TR 1099). Dr. Bryan went on to assess the particular work-related activities in which plaintiff could have been expected to engage during the earlier period. (TR 1100-03). Given the residual functional capacity as characterized by Dr. Bryan, and considering plaintiff's age, education, and prior work experience, a vocational expert testified at the most recent administrative hearing that Mr. Spence could have been expected to perform several specific work roles prior to January 1, 2007. (TR 1112-14).

The third Law Judge issued his opinion on September 24, 2012, over ten years after plaintiff first applied for benefits. The Law Judge found that, prior to January 1, 2007, Mr. Spence suffered from cervical and lumbar degenerative disc disease; knee impairment; obesity; and hypertension. (TR 316). The Law Judge ruled that these impairments, considered singly or in combination, did not meet or equal any of the listings under Appendix 1. (TR 316). However, the Law Judge determined that Mr. Spence was disabled for all for his past relevant work activities at all relevant times prior to January 1, 2007. (TR 324). The Law Judge interpreted Dr. Bryan's testimony to suggest residual functional capacity for sedentary or limited light work at all relevant times prior to January 1, 2007. (TR 322). The Law Judge ultimately assessed plaintiff's residual functional capacity during the earlier period as follows:

> After careful consideration of the entire record, the undersigned finds that the claimant had the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b), during the period before January 1, 2007, except

> the claimant could not reach overhead; could no more than occasionally stoop and kneel; and could not crawl, work at heights, or climb ladders, ropes, or scaffolds.

(TR 317). Given such a residual functional capacity, and after considering plaintiff's age, education, and prior work experience, as well as testimony from the vocational expert, the Law Judge concluded that Mr. Spence was not disabled for all forms of work activity prior to January 1, 2007. Accordingly, the Law Judge concluded that plaintiff was not under a period of disability, for purposes of his applications for disability insurance benefits or supplemental security income benefits, at any time from May 1, 2002, through December 31, 2006. (TR 325). See generally, 20 C.F.R. §§ 404.1520(g) and 416.920(g). On this occasion, the Law Judge's opinion was adopted as the final decision of the Commissioner by the Social Security Administration's Appeals Council. Having again exhausted all available administrative remedies, Mr. Spence has filed a new appeal in this court.

While plaintiff may be disabled for certain forms of employment, the crucial factual determination is whether plaintiff is disabled for all forms of substantial gainful employment. See 42 U.S.C. §§ 423(d)(2) and 1382c(a). There are four elements of proof which must be considered in making such an analysis. These elements are summarized as follows: (1) objective medical facts and clinical findings; (2) the opinions and conclusions of treating physicians; (3) subjective evidence of physical manifestations of impairments, as described through a claimant's testimony; and (4) the claimant's education, vocational history, residual skills, and age. Vitek v. Finch, 438 F.2d 1157, 1159-60 (4th Cir. 1971); Underwood v. Ribicoff, 298 F.2d 850, 851 (4th Cir. 1962).

After a review of the record in this case, the court is constrained to conclude that the Commissioner's final decision denying plaintiff's entitlement to disability insurance benefits is supported by substantial evidence. While the court does not believe that the third Administrative

Law Judge properly interpreted Dr. Bryan's expert testimony in all respects, the court finds that the record supports the third Law Judge's determination to credit Dr. Bryan's testimony over that of Dr. Cloninger, to the extent that the two experts' opinions differ.

The medical evidence in this case is in conflict. However, several observations appear to be undisputed. It is clear that Mr. Spence was injured in a serious automobile accident in November of 2001. While he attempted to work thereafter, his condition deteriorated to the extent that he was no longer able to perform the work of carpenter by May 1, 2002. Since that time, he has suffered further physical deterioration, ultimately requiring right shoulder surgery in 2010 and a cervical discectomy in 2011. Based on the conflict in the medical record, and the differing opinions as to plaintiff's residual functional capacity, the Appeals Council concluded that input from a medical expert would be helpful in resolving the factual issues in this case.[3] Eventually, opinions were received from both Dr. Cloninger and Dr. Bryan. Both experts agreed that Mr. Spence's physical impairments met a musculoskeletal listing as of January 1, 2007. Dr. Bryan's assessment of the evidence suggests that plaintiff experienced a slow progression in his physical disability. According to Dr. Bryan, plaintiff was rendered incapable of anything more than a limited range of light work activity as a result of the accident. Dr. Bryan further opined that, by his fiftieth birthday, plaintiff's pain and physical discomfort were so severe as to prevent performance of all regular work activity. Dr. Bryan concluded that plaintiff's problems progressed to a listing level of severity by January 1, 2007. In contrast, Dr. Cloninger's input was vague and somewhat confusing. At the administrative hearing on December 9, 2010, Dr. Cloninger clearly suggested that Mr. Spence was initially disabled

---

[3] It is well settled that in cases in which the evidence regarding date of disability onset is ambiguous, and the onset date must be inferred, it is reasonable for the Commissioner to rely on testimony from a medical expert in making the appropriate determination. Bailey v. Chater, 69 F.3d 75, 79 (4th Cir. 1995).

as a result of the accident, but that he could have been expected to improve to such an extent as to return to regular work activity. (TR 1070-72). It was this testimony that prompted the second Law Judge to suggest establishment of a closed period of disability. Yet, in his response to interrogatories posed after review of additional medical evidence, Dr. Cloninger stated on May 7, 2011, that Mr. Spence first met a listing in January of 2007, and that he could not be said to have been disabled as of May 1, 2002. (TR 976-77).

In such circumstances, the court must conclude that there is substantial evidence and reason for the Commissioner to accord greater weight to the testimony and opinions of Dr. Bryan. To the extent that the Commissioner's final decision conforms to Dr. Bryan's testimony, the final decision of the Commissioner must be affirmed.

On appeal to this court, plaintiff urges that the proper result in this matter is to remand the case to the Commissioner for further consideration. According to the plaintiff, it was error for the third Law Judge not to give Dr. Cloninger the opportunity to clear up any confusion that his earlier input may have created. However, the court believes that the third Law Judge acted reasonably in soliciting expert opinion from another source. Both experts reviewed all the medical evidence, and both experts noted the significance of plaintiff's attempts to engage in carpentry work in the months following his accident. It does not appear unreasonable for Dr. Bryan to consider such activity in determining that Mr. Spence could have engaged in a limited range of light work activity during the earlier period of time. The court is unable to conclude that Dr. Cloninger was in a position to provide a more accurate assessment of Mr. Spence's residual functional capacity.

In summary, the court finds substantial evidence to support the Commissioner's conclusion that Mr. Spence did not become disabled during the period of time in which he still enjoyed insured

status. The final decision denying plaintiff's entitlement to disability insurance benefits must be affirmed. However, given Dr. Bryan's testimony, the court finds it necessary to modify the Commissioner's final decision so as to reflect disability onset, for purposes of plaintiff's application for supplemental security income benefits, as of the date of plaintiff's fiftieth birthday, November 13, 2005. Dr. Bryan clearly testified that, while Mr. Spence may have possessed the physical capacity to perform sedentary and light/sedentary work activities at all times prior to January 1, 2007, plaintiff's pain and medication side effects prevented performance of regular and sustained work activity once he reached the age of fifty. (TR 1098-99). Accordingly, the final decision of the Commissioner shall be modified so as to reflect disability onset as of November 13, 2005.

Perhaps the best statement of the true factual conflict in this case was given by plaintiff's attorney at the supplemental administrative hearing on December 9, 2010. At the outset of the hearing, counsel characterized the critical issue as follows:

> I know we ultimately want to hear from Dr. Cloninger first so I'll keep it relatively brief. Obviously it's our position that since prior to the date last insured because of the combination of impairments that he's been limited to sedentary level functions and that at the point of the, or I should say no more than sedentary functions and that he, he was close enough to age 50 at that point that I believe if we agreed on that, we would hope that you would apply the grid with some flexibility and find disability at that point.

(TR 1066). In these comments, counsel was alluding to the application of the medical vocational guidelines, or "grid," to Mr. Spence's situation. If plaintiff was limited to sedentary work as a result of the injuries suffered in the automobile accident, and given his limited education and lack of transferrable work skills, the medical vocational guidelines would have directed a determination of disabled once plaintiff reached the age of fifty on November 13, 2005, when he qualified as "closely approaching advanced age." See Rule 201.10 of Appendix 2 to Subpart P of the Administrative

11

Regulations Part 404. See also, 20 C.F.R. §§ 404.1569 and 416.969. In his comments, counsel expressed hope that Mr. Spence would be found disabled under the grid when he reached the age of fifty on November 13, 2005, and that the Law Judge would "apply the grid with some flexibility" and find plaintiff disabled as of the date last insured on June 30, 2005. As it turned out, the Commissioner declined to treat plaintiff's case in this fashion. The court concludes that it should not usurp the Commissioner's performance of this discretionary function.

The final decision of the Commissioner denying plaintiff's claim for disability insurance benefits shall be affirmed. The final decision of the Commissioner establishing plaintiff's period of disability for purposes of his application for supplemental security income benefits shall be modified so as to reflect disability onset as of November 13, 2005. An appropriate judgment and order will be entered this day.

The Clerk is directed to send certified copies of this opinion to all counsel of record.

ENTER: This 24th day of February, 2014.

*/s/ Glen Conrad*
Chief United States District Judge